MEMORANDUM **
California state prisoner Nora Bonnaudet appeals from the district court’s denial of her 28 U.S.C. § 2254 habeas corpus petition challenging her conviction for first degree murder for financial gain. We *376 have jurisdiction pursuant to 28 U.S.C. § 2253 and review de novo. Lopez v. Schriro, 491 F.3d 1029,1036 (9th Cir.2007). We affirm.
The district court properly denied habeas relief as to petitioner’s Brady claim which she premised on the alleged suppression of information regarding two body shop employees. Setting aside the question of whether there was sufficient foundation for the employees’ proposed testimony about the van they allegedly cleaned, petitioner’s Brady claim fails because she supposedly took the van to the body shop herself and knew its condition. She was therefore “aware of the essential facts enabling [her] to take advantage of [the] exculpatory evidence.” Raley v. Ylst, 470 F.3d 792, 804 (9th Cir.2006).
The district court properly denied petitioner’s ineffective assistance of counsel claim because she failed to show a “reasonable probability” that the result of the proceeding would have been different had her attorney presented the testimony of two belatedly-retained experts. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The experts’ declarations fail to undermine the central prosecution theory because they do not rebut consistent testimony from multiple witnesses regarding the lividity and body temperature of the victim.
The district court also correctly denied habeas relief with respect to the trial court’s handling of the jury note. The California Court of Appeal ruled that the note was ambiguous and that the trial judge correctly invited the jury to clarify its question. The California Court of Appeal’s ruling is not contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). See Weeks v. Angelone, 528 U.S. 225, 233-34, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000); Arizona v. Johnson, 351 F.3d 988, 995-97 (9th Cir.2003).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.